# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DANIEL INTERNICOLA,

Plaintiff,

v. Case No.: 6:25-cv-01613-AGM-LHP

MORTGAGEPROS, LLC,

Defendant,

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Before the Court is Defendant MortgagePros, LLC's Motion to Dismiss. Doc. No. 18. Plaintiff responds in opposition, Doc. No. 21, and Defendant has filed an authorized reply, Doc. No. 25. The matter has been referred to the undersigned "for entry of an order or a report and recommendation, as appropriate." Doc. No. 31. This report and recommendation follows.

## I. BACKGROUND.

Plaintiff Daniel Internicola, through counsel and on behalf of himself and a putative class, instituted this action against Defendant MortgagePros, LLC, by complaint filed on August 22, 2025. Doc. No. 1. Defendant appeared in this case through counsel on September 9, 2025. Doc No. 6. The operative pleading is Plaintiff's amended complaint, filed on September 30, 2025. Doc. No. 13. In the

amended complaint, Plaintiff brings claims against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), *et seq.* ("TCPA"), and the regulations promulgated thereunder. *Id.*

Specifically, Plaintiff alleges that in April 2025, he sought Defendant's services in relation to mortgage refinancing. *Id.* ¶ 40.[1] However, the parties' relationship thereafter deteriorated, and on July 1, 2025, Plaintiff communicated to Defendant that he was terminating the business relationship; Plaintiff also explicitly withdrew all prior express consent for Defendant to contact him during that same communication. *Id.* ¶¶ 41–47. After he revoked his consent for contact, Defendant continued to contact Plaintiff via Plaintiff's cellphone, to include a series of text messages on July 1, 2025; three phone calls on July 1, 2025; a series of text messages on July 3, 2025; a series of text messages on July 7, 2025; three phone calls on July 7, 2025; a series of text messages on July 9, 2025; a text message on September 16, 2025; and a text message on September 18, 2025. *Id.* ¶¶ 48–78. Plaintiff had registered his cell phone number on the National Do Not Call Registry on February 4, 2008. *Id.* ¶ 79. Plaintiff alleges that Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations promulgated under 47 U.S.C. § 227(c)(5), including

[1] At the motion to dismiss stage, courts accept as true the factual allegations in the complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

the National Do-Not Call provision in 47 C.F.R. § 64.1200(c), and the internal do-not-call provision in 47 C.F.R. § 64.1200(d)(6). *Id.* ¶ 83.

Plaintiff brings two claims: (1) negligent and willful violations of the TCPA, 47 U.S.C. § 227(c)(5), including implementing regulation 47 C.F.R. § 64.1200(c) (Count One), related to the national do-not-call registry; and (2) negligent and willful violations of the TCPA regarding Defendant's internal do-not-call list, pursuant to 47 C.F.R. § 64.1200(d) (Count Two). *Id.* at 31–35. Defendant moves to dismiss both claims with prejudice. Doc. No. 18; *see also* Doc. No. 25. Plaintiff opposes. Doc. No. 21.

## II. LEGAL STANDARDS.

Defendant moves to dismiss the operative complaint pursuant to Federal Rule 12(b)(6). Doc. No. 18. Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And to survive a motion to dismiss, a plaintiff must

"include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012) (citation omitted).

## III. ANALYSIS.

Defendant raises three (3) central arguments in its motion to dismiss: (1) 47 U.S.C. § 227(c)(5) applies only to telephone calls, and not text messages; (2) Plaintiff cannot sustain a private cause of action for alleged violations of 47 C.F.R. § 64.1200(c), which according to Defendant, was prescribed under 15 U.S.C. § 6153, rather than 47 U.S.C. § 227(c); and (3) Plaintiff's allegations in the operative complaint demonstrate that any telephone calls were made within the time-period for processing opt-out requests as set forth in the TCPA regulations, 47 C.F.R. § 64.1200(d)(3). Doc. No. 18.

### A. Whether 47 U.S.C. § 227(c)(5) Applies to Text Messages.

47 U.S.C. § 227(c)(5) provides:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> **(A)** an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

**(C)** both such actions.

Based on the plain language of the statute, which states that it applies to "more than one *telephone call* within any 12-month period," Defendant moves to dismiss Plaintiff's operative complaint to the extent that it is premised on text messages, arguing that text messages are not covered by § 227(c)(5) for a myriad of reasons. Doc. No. 18, at 3–9. Defendant also argues that any contrary interpretation by the Federal Communications Commission ("FCC") is not binding on the Court. *Id.*

Plaintiff, on the other hand, contends that the definition of "telephone call" under § 227(c)(5) encompasses text messages, the FCC has confirmed that text messages are "calls" under the TCPA, and Congress has implicitly adopted the definition by its amendments to the TCPA. Doc. No. 21, at 9–16.

Upon consideration, the undersigned agrees with Defendant, and will recommend that the amended complaint be dismissed to the extent it alleges violations of § 227(c)(5) for unwanted text messages. To be sure, courts across the country are split on this issue. *See, e.g.*, *Cole v. C/T Install Am., LLC*, No. CV 25-3531, 2026 WL 916582, at *1 n.1 (E.D. Pa. Mar. 23, 2026) (recognizing split of authority). However, the majority of courts in the Eleventh Circuit that have recently considered the question have determined that the plain language of § 227(c)(5) compels this result, and have rejected the exact arguments Plaintiff makes here. For

example, as recently explained by Judge Merrday in the Tampa Division:

> Contrary to El Sayed's contention that a natural reading of the term "telephone call" includes a "text message," "it is only though the rulemaking authority of the FCC that the voice call provisions of the TCPA have been extended to text messages." *Salcedo v. Hanna*, 936 F.3d 1162, 1169 (11th Cir. 2019), *abrogated on other grounds by Drazen v, Pinto*, 74 F.4th 1336 (11th Cir. 2023). However, a "District Court is not bound by the FCC's interpretation of the TCPA." *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, 606 U.S. 146, 168 (2025). Rather, "a district court must independently determine for itself whether the agency's interpretation of a statute is correct. District courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation." *McLaughlin Chiropractic*, 606 U.S. at 155 (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 402 (2024)).
>
> "In interpreting a statute, we start with the plain language of the provisions to be interpreted." *Pugliese v. Pukka Dev., Inc.*, 550 F.3d 1299, 1303 (11th Cir. 2008). "[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42. "The canons of construction often play a prominent role in that endeavor, serving as useful tools to discern that ordinary meaning." *Heyman v. Cooper*, 31 F.4th 1315, 1319 (11th Cir. 2022) (cleaned up). "But if the text is clear, the analysis begins and ends there." *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195, at *1 (Winser, J.) (N.D. Fla., 2025) (citing *Young v. Grand Canyon Univ., Inc.*, 980 F.3d 814, 818 (11th Cir. 2020)).
>
> Although some judges differ, I agree with and adopt Judge Winser's opinion that "the statutory text here is clear, and a text message is not a 'telephone call.'" *Davis*, 2025 WL 2491195 at *1. In addition to the fact that in common American English usage, a "telephone call" and a "text message" are separate and distinct forms of communication, the term "text message" appears elsewhere in the TCPA and related amendments, an appearance that confirms Congress understood the pertinent distinction and legislated mindful of the distinction. *See* Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, div. P, § 503(a) (codified at 47 U.S.C. §§ 227(e)(8)(A)–(B)) (distinguishing between "a call made using a voice service" and "a text message sent

> using a text messaging service"). "[W]hen Congress uses different terms, we expect that they hold different meanings, especially when the same meaning would render one of the terms superfluous." *Fernandez v. Seaboard Marine Ltd.*, 135 F.4th 939, 958 (11th Cir. 2025) (citing *Pulsifer v. United States*, 601 U.S. 124, 149 (2024)). The omission of "text message" from paragraph 227(c)(5) confirms that the provision applies only to a "telephone call."

*Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00846-SDM-CPT, 2025 WL 2997759, at *1–2 (M.D. Fla. Oct. 24, 2025) (cleaned up).

Most other Judges in this Circuit have reached the same conclusion. *See Irvin v. Sonic Indus. Servs., LLC*, No. 3:25-CV-00242-LMM, 2026 WL 1098403, at *5 (N.D. Ga. Apr. 20, 2026) ("Plaintiff's claim fails as a matter of law under Rule 12(b)(6) because Section 227(c)(5)'s private right of action is limited to 'telephone call[s],' a term the Court finds does not encompass text messages, contrary to the FCC's interpretation in 47 C.F.R. § 64.1200(e)."); *James v. Smarter Contact, Inc.*, No. 8:25-cv-1657-KKM-SPF, 2026 WL 879244 (M.D. Fla. Mar. 31, 2026) (granting motion to dismiss on same basis and finding amendment would be futile); *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-CV-2811-TWT, 2026 WL 456919, at *3–5 (N.D. Ga. Feb. 17, 2026) (granting motion to dismiss on same basis); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-CV-00214-LMM, 2026 WL 810929, at *2–3 (N.D. Ga. Feb. 12, 2026) (granting motion for judgment on the pleadings on same basis); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1272–76 (N.D. Fla. 2025) (granting motion to dismiss on same basis); *see also Lopresti v. Nouveau Essentials Marketing, LLC*, No. 5:25-cv-00282-CEM-

PRL, 2026 WL 964758, at *4-6 (M.D. Fla. Feb. 26, 2026) (recommending granting motion for judgment on the pleadings on same basis).[2] *But see Piet v. Office Depot, LLC*, No. 24-81488-CIV, 2025 WL 4676030, at *3 (S.D. Fla. Nov. 25, 2025) ("[T]his Court will continue to follow existing Eleventh Circuit precedent and holds that a text message is a call for the purpose of the TCPA.").

---

[2] The report and recommendation in *Lopresti* remains pending as of the date of this report.

This line of District Court cases comes after recent decisions by the United States Supreme Court overruling prior precedent on *Chevron* deference to agency interpretation, *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and stating that courts are "not bound by the FCC's interpretation of the TCPA," *McLaughlin Chiropractic Assocs. V. McKesson Corp*., 606 U.S. 146, 168 (2025).

In his briefing, Plaintiff says that the Eleventh Circuit Court of Appeals and other courts have "affirmed the inclusion of text messages under the TCPA's use of 'calls.'" Doc. No. 21, at 14. However, the decisions from this Circuit to which Plaintiff points pre-date these referenced Supreme Court opinions. *Id.* at 14–15. Moreover, as other courts have recently noted, it does not appear that the Eleventh Circuit has spoken to 47 U.S.C. § 227(c)(5) and text messages specifically. *See Davis*, 797 F. Supp. 3d at 1273. And the two Circuit decisions to which Plaintiff points concerned either a different statutory provision, *see Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015) (addressing 47 U.S.C. § 227(b)), or addressed standing, *see Drazen v. Pinto*, 74 F.4th 1336, 1343 (11th Cir. 2023), and thus are not persuasive on this point. *See also Davis*, 797 F. Supp. 3d at 1273 (finding reliance on some of the same precedent unpersuasive for the same reasons).

Plaintiff also argues that the United States Supreme Court has agreed that text messages qualify as a "call," under § 227(b). Doc. No. 21, at 10 (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016)). But, as other courts have noted, in *Campbell-Ewald*, "the Court assumed, but did not decide, that issue," and in any event, the Court was not addressing the language of "telephone call" in § 227(c)(5). *See Davis*, 797 F. Supp. 3d at 1273.

Plaintiff attempts to distinguish *Sayed* and *Davis* in a footnote, saying that they misinterpret the plain meaning of the term "telephone call." Doc. No. 21, at 16 n.2. For the reasons explained in *Sayed* and *Davis*, the undersigned disagrees.

Based on this authority, and for the reasons discussed therein, the undersigned will respectfully recommend that the Court follow suit and conclude that the phrase "telephone call" in 47 U.S.C. § 227(c)(5) does not encompass text messages based on the plain language of the statute, and to the extent Plaintiff's amended complaint (Doc. No. 13) is premised on unwanted text messages, the amended complaint fails as a matter of law, and Defendant's motion to dismiss is due to be granted in this regard. *See Irvin*, 2026 WL 1098403; *James*, 2026 WL 879244; *1-800-Flowers.com, Inc.*, 2026 WL 456919; *Kendo Holdings, Inc.*, 2026 WL 810929; *Sayed*, 2025 WL 2997759; *Davis*, 797 F. Supp. 3d 1270. *See also Stockdale v. Skymount Prop. Grp., LLC*, No. 1:25 CV 1282, 2026 WL 591842, at *4 (N.D. Ohio Mar. 3, 2026); *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894, 902 (C.D. Ill. 2025).

With the undersigned's recommendation that § 227(c)(5) applies only to "telephone calls" and not text messages, all that remains in Plaintiff's complaint are allegations that after he revoked his consent for contact on July 1, 2025, Defendant made three (3) unsolicited telephone calls to Plaintiff on July 1, 2025, and three (3) telephone calls on July 7, 2025. Doc. No. 13 ¶¶ 45, 60, 68. The undersigned addresses Defendant's remaining arguments as they relate to these telephone calls.

B. Applicability of 47 C.F.R. § 64.1200(c).[3]

In Count One of the complaint, Plaintiff alleges that Defendant violated 47 U.S.C. § 227(c)(5) by violation of implementing regulation 47 C.F.R. § 64.1200(c), specifically the national do-not-call provisions. Doc. No. 13, at 31–32; *see also id.* at 20 ¶ 83. The regulation provides, in pertinent part, that "[n]o person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c).

Defendant contends that 47 C.F.R. § 64.1200(c) provides no private right of action to Plaintiff for several reasons, including that the provision was not implemented by the FCC within the rule-making authority and time limitations provided by 47 U.S.C. § 227(c) and because the regulation was promulgated under a different statute altogether, 15 U.S.C. § 6153. Doc. No. 18, at 10–20. Plaintiff disagrees, however, and cites numerous cases holding that a private right of action exists under § 64.1200(c). Doc. No. 21, at 17–20.

[3] Although 47 C.F.R. § 64.1200 has been amended several times, the versions in effect now and at the time of the telephone calls alleged in the operative pleading are materially the same. As it relates to the claim under § 64.1200(d), discussed below, prior versions of the regulation not at issue here provided a thirty-day period for honoring internal do-not-call requests. *E.g.*, 47 C.F.R. § 64.1200(d)(3) (effective November 6, 2024 to January 26, 2025).

Defendant cites no case law for its novel interpretation,[4] and the undersigned has located no authority stating that § 64.1200(c) was promulgated under § 6153, rather than § 227(c), and thus that no private right of action exists. To the contrary, the Eleventh Circuit has stated that "[t]he FCC promulgated regulations creating a national do-not-call list and requiring telemarketers to maintain their own internal do-not-call lists . . .," specifically referencing 47 C.F.R. § 64.1200(c)(2), (d), and 47 U.S.C. § 227(c). *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019). And as Plaintiff points out, several district courts have found that a private right of action exists under § 64.1200(c)(2), to include courts in this District. *See* Doc. No. 21, at 19–20.[5]

---

[4] In its motion to dismiss, Defendant compares two provisions of the TCPA, §§ 227(b) and 227(c), states that § 227(c) expressly limits the scope of the FCC's rulemaking authority and imposed a deadline therefore, notes that § 64.1200(c) was not promulgated in that timeline, and states that § 64.1200(c) does not contain the minimum substantive requirements imposed by § 227(c)(3), which Defendant contends explains and makes "apparent" that § 64.1200(c) was promulgated under 15 U.S.C. § 6153, rather than 47 U.S.C. § 227(c). In support, Defendant cites only these statutes and regulations, and Notices of Proposed Rulemaking issued by the FCC. Doc. No. 18, at 10–20. The only case Defendant cites in this portion of its briefing is *Wilson v. Skopos Fin., LLC*, No. 6:25-CV-00376-MC, 2025 WL 2029274, at *4 (D. Or. July 21, 2025), for the proposition that "Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls." Doc. No. 18, at 11. *Wilson*, however, does not speak to § 6153 and any promulgation of § 64.1200(c) thereunder, and indeed, says that § 227(c)(5) provides a private right of action for violation of § 64.1200(c). *See Wilson*, 2025 WL 2029274, at *2. Defendant's reply cites no additional legal authority to support its position. *See* Doc. No. 25, at 1–4.

[5] Plaintiff cites *Lucombe v. Harborview Cap. Holdings L.L.C.*, No. 8:25-cv-688-KKM-AAS, 2025 WL 3144180, at *4 (M.D. Fla. Oct. 8, 2025), *report and recommendation adopted*, 2025 WL 3141984 (M.D. Fla. Nov. 10, 2025), which concerned a motion for default

Moreover, several other recent court decisions have also expressly stated that § 64.1200(c) was promulgated under § 227(c)(5), and/or that a private cause of action for violation of § 64.1200(c) exists thereunder. *See, e.g.*, *Stockdale*, 2026 WL 591842, at *2 ("Relevant to Section 227(c)(5), the FCC promulgated 47 C.F.R. § 64.1200(c)(2)[.]"); *Van Elzen v. Am. Home Shield Corp.*, No. 24-C-1206, 2026 WL 1078771, at *1 (E.D. Wis. Apr. 21, 2026) ("One of the regulations promulgated by the FCC prohibits telephone solicitations to residential telephone subscribers who have listed their phone numbers on the National Do Not Call (DNC) Registry. 47 C.F.R. § 64.1200(c)(2). As relevant here, the TCPA creates a private right of action for a person who receives more than one telephone call within a twelve-month period in violation of the FCC regulation in the absence of the person's express consent." (citing, *inter alia*, 47 U.S.C. § 227(c)(5)); *Griffin v. Am.-Amicable Life Ins. Co. of Texas*, No. 6:24-CV-00243-MC, 2024 WL 4333373, at *5 (D. Or. Sept. 27, 2024) ("To sustain a private right of action under § 227, plaintiffs must allege the violation of a

---

judgment, but the court proceeded to address a claim under § 64.1200(c) pursuant to § 227(c)(5), albeit without explicitly stating a private cause of action exists. Plaintiff also cites *Pariseau v. Built USA, LLC*, 619 F. Supp. 3d 1203, 1206 (M.D. Fla. 2022), where the court denied a motion to dismiss a claim under § 64.1200(c). The remaining cases cited either addressed claims for violations of § 64.1200(c) pursuant to § 227(c)(5), and/or expressly stated that a private cause of action exists for violations of § 64.1200(c). *See Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 657 (4th Cir. 2019); *Hudson v. Palm Beach Tan, Inc.*, No. 1:23CV486(WO)(JEP), 2024 WL 4190513, at *5 (M.D.N.C. Aug. 12, 2024), *report and recommendation adopted*, 2024 WL 4188310 (M.D.N.C. Sept. 13, 2024); *Van Baalen v. Mut. of Omaha Ins. Co.*, 729 F. Supp. 3d 1239, 1250 (D.N.M. 2024); *Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1119 (W.D. Mo. 2020); *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 363 (E.D. Pa. 2019), *aff'd*, 805 F. App'x 156 (3d Cir. 2020).

regulation that was 'prescribed under this subsection,' that is, § 227(c). One of those regulations is 47 C.F.R. § 64.1200(c)(2)." (citing 47 U.S.C. § 227(c)(5)); *Callier v. Turning Point USA, Inc.*, 665 F. Supp. 3d 825, 829 (W.D. Tex. 2023) ("The FCC has promulgated several regulations to implement 47 U.S.C. § 227(c). The regulation particularly relevant here is 47 C.F.R. § 64.1200(c). . . ."); *Mattson v. New Penn Fin., LLC*, No. 3:18-CV-00990-YY, 2020 WL 6270907, at *4 (D. Or. Oct. 25, 2020) ("The regulations promulgated under the TCPA" include "47 C.F.R. § 64.1200(c)(2).").[6]

Absent any contrary authority from Defendant, the undersigned will respectfully recommend that the Court follow the line of existing authority stating that a private cause of action exists under § 227(c)(5) for violation of § 64.1200(c), and allow Count One to proceed on the telephone calls alleged in the operative complaint.

C. Applicability of 47 C.F.R. § 64.1200(d).

In Count Two of the complaint, Plaintiff brings a claim under 47 U.S.C. §

[6] In its reply briefing, Defendant argues that the authority on which Plaintiff relies is unpersuasive because it predates the Supreme Court's decision in *Loper Bright* and *McLaughlin*. Doc. No. 25, at 3. However, several of the decisions the undersigned independently located postdate *Lobert Bright* and *McLaughlin*, and in any event, Defendant fails to explain how *Loper Bright* and *McLaughlin* would impact the analysis, as they concerned deference to agency interpretation of statutory schemes, whereas the issue at hand is whether a private cause of action even exists under § 227(c)(5) via § 64.1200(c), not whether the FCC has interpreted § 227(c)(5) and § 64.1200(c) to allow for same.

227(c)(5) for violation of implementing regulation 47 C.F.R. § 64.1200(d), specifically related to Defendant's internal do-not-call policies. Section 64.1200(d) states, "No person or entity shall initiate . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). The regulation then lists the "minimum standards" for these procedures, which includes adding a telephone number to a do-not-call list at the time the request is made to not receive calls, and honoring the do-not-call request "within a reasonable time from the date such request is made," which "may not exceed ten (10) business days from the receipt of such request." *Id.* § 64.1200(d)(3). *See also Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1198 (M.D. Fla. 2014) ("Based on the wording of the regulation, a violation of section 64.1200(d) is 'the initiation of the phone call without having implemented the minimum procedures.'" (quoting *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 632 (6th Cir. 2009))).[7]

---

[7] Courts have also determined that § 64.1200(d) provides a private cause of action under 47 U.S.C. § 227(c). *See, e.g.*, *John v. Keller Williams Realty, Inc.*, No. 6:19-cv-1347-Orl-40DCI, 2020 WL 10502631, at *6 (M.D. Fla. Feb. 4, 2020) ("[T]he internal do-not-call procedures of § 64.1200(d) fit cleanly under the rubric of § 227(c)'s general mandate to adopt adequate do-not-call regulations." (citations omitted)).

In a footnote, Defendant argues that the FCC lacked the statutory authority to amend the regulation subsequent to its initial promulgation, such that the requirement to honor a do-not-call request within 10 days is unenforceable as a matter of law. Doc. No. 18, at 9 n.8. Besides pointing to other sections of its brief in support, Defendant does not

As discussed above, given the recommendation that § 227(c)(5) applies only to "telephone calls," which does not include text messages, remaining in Plaintiff's complaint are allegations that after he revoked his consent for contact on July 1, 2025, Defendant made three (3) unsolicited telephone calls to Plaintiff on July 1, 2025, and three (3) telephone calls on July 7, 2025. Doc. No. 13 ¶¶ 45, 60, 68.

Defendant argues that Plaintiff's claim under § 64.1200(d) must be dismissed because the allegations of the operative complaint demonstrate that Defendant honored Plaintiff's July 1, 2025 revocation of consent for contact within a reasonable time as a matter of law—*i.e.*, the last telephone call contact was on July 7, 2025, less than ten (10) business days after. Doc. No. 18, at 9–10. Plaintiff, on the other hand, contends that whether Defendant's conduct was reasonable under § 64.1200(d) is a question of fact, unsuitable for resolution on a motion to dismiss. Doc. No. 21, at 16–17. Defendant does not address this argument in reply. Doc. No. 25.

Upon consideration, as Plaintiff argues, courts will generally not resolve the question of reasonableness on a motion to dismiss. *See* Doc. No. 21, at 16–17 (citing *Menin v. Star Markets Co., Inc.*, No. 23-CV-11918-DJC, 2024 WL 4123522, at *3 (D. Mass. Sept. 9, 2024)). *But see Hulett v. EyeBuyDirect, Inc.*, No. 1:24-CV-996

---

further develop this argument. Accordingly, the undersigned finds the issue waived and does not further address it. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." (citations omitted)).

(AMN/MJK), 2025 WL 1677071, at *6–7 (N.D.N.Y. June 13, 2025) (collecting cases, but ultimately granting motion to dismiss). "A plain reading of 47 C.F.R. § 64.1200(d)(3) makes clear that the regulation does not establish a period within which compliance is reasonable as a matter of law, as Defendant interprets the regulation, but instead establishes a period outside of which compliance is unreasonable as a matter of law." *Lourie v. Papa John's Int'l, Inc.*, No. 1:23-CV-4320-MHC, 2024 WL 5497082, at *3 (N.D. Ga. June 25, 2024) (citations omitted). Defendant cites no legal authority to the contrary. Doc. No. 18, at 9–10; Doc. No. 25.

Given that Plaintiff alleges six (6) separate phone calls on July 1, 2025 and July 7, 2025, after he revoked his consent for contact, Doc. No. 13 ¶¶ 45, 60, 68, and while the undersigned questions whether Plaintiff will ultimately prevail given that the last telephone call was only three (3) business days after he revoked consent, the undersigned cannot say that as a matter of law Plaintiff's allegations are insufficient to state a claim. *See, e.g.*, *Lourie*, 2024 WL 5497082, at *4 (collecting cases and denying motion to dismiss claim under § 64.1200(d) because "even though Defendant complied within a week of Lourie's request, Lourie's allegations sufficiently allege that Defendant failed to honor Lourie's do-not-call request within a reasonable time"); *Nece v. Quicken Loans, Inc.*, No. 8:16-cv-2605-T-23TBM, 2017 WL 2865047, at *2 (M.D. Fla. Jan. 3, 2017) ("Whether Quicken stopped calling Nece within a

'reasonable' time is a factual dispute resolved with the benefit of evidence."); *see also Menin*, 2024 WL 4123522, at *5 ("What constitutes a 'reasonable time' is a question of fact because the regulation 'does not state that any shorter delay is *per se* reasonable.'" (collecting cases)); *Delgado v. eMortgage Funding, LLC*, No. 21-cv-11401, 2021 WL 4776774, at *5 (E.D. Mich. Oct. 13, 2021) (denying motion to dismiss where "plaintiff allegedly received fourteen additional calls over the four-day period immediately following her request that the calls stop" but within the period for compliance); *cf. Wagner*, 32 F. Supp. 3d at 1198 (holding that the allegations that the defendant made telemarketing calls without instituting procedures that comply with regulatory standards was sufficient to survive a motion to dismiss).

Accordingly, the undersigned will respectfully recommend that the Court deny Defendant's motion to dismiss (Doc. No. 18) in this regard.

## IV. RECOMMENDATION.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the Court:

1. **GRANT in part and DENY in part** Defendant MortgagePros, LLC's Motion to Dismiss (Doc. No. 18);

2. **DISMISS** the operative complaint (Doc. No. 13) to the extent that the alleged violations of 47 U.S.C. § 227(c)(5) are based on text messages.

3. **DENY** the motion to dismiss (Doc. No. 18) in all other respects.

**NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 10, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party