**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**DANIEL INTERNICOLA, individually and on behalf of others similarly situated,**

Plaintiff,

v.

**MORTGAGEPROS, LLC.;**

Defendant.

**Case No.: 6:25-cv-01613-WWB-LHP**

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE REPORT AND RECOMMENDATION**

On June 1, 2026, the Honorable Magistrate Judge Leslie Hoffman Price issued a Report and Recommendation (the "Report"), Dkt. 36, ruling on Defendant MortgagePros, LLC's ("Defendant") Motion to Dismiss, Dkt. 18. Now, to further delay these proceedings, Defendant objects to Judge Hoffman Price's Report. As discussed more fully below, the Report is well-reasoned and there is no sufficient basis to overrule it. This Court should overrule Defendant's objection and adopt the Report in full.

## I. INTRODUCTION

Defendant first objects to the Report's finding that a violation of 47 C.F.R. § 64.1200(c) can be pursued through 47 U.S.C. § 227(c)(5)'s private right of action. Second, it objects to the finding that Plaintiff has stated a plausible claim for relief for a violation of 47 C.F.R. § 64.1200(d) and 47 U.S.C. 227(c)(5). Defendant's arguments in support of its objections are unavailing. There is a substantial body of case authority, as well as explicit support in the legislative history, confirming that § 227(c)(5) provides a private right of action to enforce § 64.1200(d). Moreover, Defendant's misunderstanding of the 10-day threshold for presumptive unreasonableness does not change the plain text of the rule: a defendant may be unreasonable in its response to a plaintiff's opt-out request before hitting the threshold whereafter its non-compliance is unreasonable as a matter of law.

## II. STATEMENT OF FACTS

Plaintiff owns a phone number ending 4683 (the "Cell Phone") which he registered on the National Do-Not-Call registry on or about February 4, 2008. Pl's First Am. Compl. ("FAC"), ECF No. 13, ¶ 37, 39. Plaintiff sought Defendant's mortgage refinancing services in or around April 2025. *Id.* at ¶ 40. By the first days of July 2025, Plaintiff — concerned and unsatisfied by Defendant's transparency regarding hidden fees and its evasive, inconsistent, and concerning communication practices — sought to discontinue his business relationship with Defendant. *Id.* at ¶ 40-43.

Consequently, on July 1, 2025 Plaintiff contacted Defendant by phone and communicated to Defendant that their business relationship was terminated and explicitly withdrew prior express consent to contact Plaintiff. *Id.* at ¶ 44-46. The same day, after Plaintiff revoked prior consent, Defendant's employee identified as "Nick," texted Plaintiff, "Dan I talked with my pricing director and have been able to drop your costs significantly. Give me a call." *Id.* at ¶ 48. Plaintiff replied reminding Defendant that Plaintiff would be moving forward with a new mortgage lender and to "Please get the appraisal transferred. Thank you[.]" *Id*. at ¶ 49. Defendant replied again, saying, "Since you are so close to closing with our company, we are discounting you significantly on the costs." *Id.* at ¶ 50.

After Plaintiff reiterated his refusal to entertain further negotiations with Defendant, Defendant replied once again, contending an employee would need to reach out to discuss documentation Plaintiff's new lender would need to send Defendant. *Id.* at ¶ 51-52. The message guilted Plaintiff, saying, "I was only doing my due diligence as a professional to put you in the best financial position possible." *Id*. at ¶ 54. Plaintiff replied to Defendant, reiterating "Please transfer the appraisal." *Id.* at ¶ 55.

Defendant continued refusing to honor Plaintiff's wishes, further messaging, "Bottom line you're saving you and your family $2000 a month the way I have it set up now." *Id.* at ¶ 56. Plaintiff reiterated, "We're moving forward with [new company]. Please transfer appraisal." *Id.* at ¶ 57. Subsequently, Plaintiff received three unwanted

phone calls from Defendant. *Id.* at ¶ 60. On July 3, Defendant sent yet another unsolicited text solicitation. *Id.* at ¶ 61. Plaintiff replied to Defendant with an unequivocal reassertion of his July 1 revocation, "Please stop texting me. Thanks." *Id.* at ¶ 62. Defendant ignored this explicit directive, and sent three further replies badgering Plaintiff to consummate the offer Plaintiff already declined. *Id*. at ¶ 63-65.

On July 7, Defendant sent further text messages over Plaintiff's objections, along with three phone calls. *Id*. at ¶ 66-68. On July 9, after Defendant sent further unwelcome messages, Plaintiff responded, "Transfer the appraisal and please stop contacting me." *Id*. at ¶ 69-71, 73. Despite Plaintiff withdrawing consent to receive further communications from Defendant, Defendant persisted to repeatedly contact Plaintiff's Cell Phone in an effort to overcome Plaintiff's objections to continuing Plaintiff and Defendant's business relationship and effectively deprive Plaintiff of his choice of mortgage company. *Id.* at ¶ 75.

Defendant moved to dismiss Plaintiff's FAC on October 29, 2025, Dkt. 18, to which Plaintiff replied in opposition on November 18, 2025. Dkt. 21. In Judge Hoffman Price's June 10, 2026 Report, Her Honor found that, while text messages are not "calls" within the meaning of 47 U.S.C. § 227(c)(5), § 227(c)(5) does provide a private right of action to enforce 47 C.F.R. § 64.1200(d)'s do-not-call provisions. Report, ECF Dkt. 36, at pp. 9, 12. Judge Hoffman Price further ruled that 47 C.F.R. § 64.1200(d)(3) does not establish, as a matter of law, a safe harbor period where a Defendant may

unreasonably flout a consumer's reasonable revocation request; the ten business day period referred to in § 64.1200(d)(3) only establishes when a defendant's delayed compliance with a consumer opt-out request is unreasonable as a matter of law. *Id*. at 16-17.

## III. LEGAL STANDARD

A district judge must conduct a de novo review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). "In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations." *Indyne, Inc. v. Abacus Tech. Corp.*, 2014 U.S. Dist. LEXIS 23582, at *14 (M.D. Fla. Feb. 25, 2014) (citing *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982)).

## IV. ARGUMENT

### A. THE REPORT CORRECTLY FOUND THAT VIOLATIONS OF 47 C.F.R. § 64.1200(c) CAN BE PURSUED THROUGH 47 U.S.C. § 227(c)(5)'s PRIVATE RIGHT OF ACTION.

Defendant takes issue with the Judge Hoffman Price's ruling to the extent Her Honor "penalize[ed] [Defendant] for advancing a novel legal argument of first impression and . . . subsequently disregard[ed] . . . [Defendant's] statutory analysis supporting that argument." Defendant thus expects this Court to disregard the clear

weight of legal authority merely because it has packaged an absurd argument in a sleek package. The Court should overrule Defendant's objection.

Defendant maintains its fantastical position that § 64.1200(c) was promulgated under 15 U.S.C. 6153 rather than 47 U.S.C. § 227(c), despite Judge Hoffman Price highlighting that "no authority [can be located] stating that § 64.1200(c) was promulgated under § 6153 rather than § 227(c)." Report at p. 11. Instead, the substantial weight of authority has maintained that § 64.1200(c) is enforceable through § 227(c)(5)'s private right of action. *See Hudson v. Palm Beach Tan, Inc.*, 2024 U.S. Dist. LEXIS 165676, at *4-5 (M.D.N.C. Aug. 12, 2024) (finding the TCPA grants a private right of action under 64.1200(c)(2)); *Hand v. Beach Ent. KC, LLC*, 456 F. Supp. 3d 1099, 1120 (W.D. Mo. 2020) ("A cell phone user can qualify as a residential telephone subscriber under 47 C.F.R. § 64.1200(c) and (d)"); *Baalen v. Mut. Of Omaha Ins. Co.*, 729 F. Supp. 1239, 1250-51 (D.N.M. 2024) (same); *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019) ("the law allows a private right of action for violations of the Do-Not-Call registry regulations"); *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 363 (E.D. Penn. 2019) ("the Court concludes that Plaintiffs are entitled to $500 for each phone call made to Plaintiff's phone in violation of § 227(c)(3) and § 64.1200(c)(2); *see also Stockdale v. Skymount Prop. Grp., LLC*, 825 F. Supp 3d 622, 625 (N.D. Ohio 2026); *Elzen v. Am. Home Shield Corp.*, 2026 U.S. Dist. LEXIS 87347, at *2 (E.D. Wis. Apr. 21, 2026) ("the TCPA creates a private

right of action for a person who receives more than one telephone call within a twelve-month period in violation of the FCC regulation in the absence of the person's express consent.")

Moreover, Defendant's "novel" statutory interpretation argument ignores substantial legislative history contradictory to its position. In 2003, Congress enacted the Do Not Call Implementation Act, directing that "the [FCC] shall issue a final rule . . . under the Telephone Consumer Protection Act (47 U.S.C. 227 et seq.)." 15 U.S.C. § 6153. While Defendant argues the initial period of rulemaking prescribed by 47 U.S.C. § 227(c) expired without the creation of the National Do-Not-Call provisions, "statutes enacted by one Congress cannot bind a later Congress, which remains free to repeal the earlier statute, to exempt the current statute from the earlier statue, to modify the earlier statute, or to apply the earlier statute but as modified." *Dorsey v. United States*, 567 U.S. 260, 274 (2012). Congress was therefore explicit in stating that any National Do-Not-Call rulemaking *directed* by § 6153 was nevertheless *promulgated* "under" § 227(c). *See* 15 U.S.C. § 6153.

Judge Hoffman Price's Report reached the only reasonable conclusion based on extant authority and Congressional history. Defendant has explicitly stated that case law supporting its position is scant to nonexistent. Hence, no adequate basis exists for this Court to overrule the Report as to this issue.

### B. THE REPORT CORRECTLY FOUND THAT PLAINTIFF STATED A CLAIM FOR RELIEF UNDER 47 C.F.R. § 64.1200(d).

Defendant argues that the Report reached the incorrect conclusion because, to state a plausible claim for relief under 64.1200(d), a plaintiff must allege "that the entity placing the calls failed to institute the proper procedures *prior* to the initiation of the call." *Hulett v. Eyebuydirect, Inc.*, 2025 U.S. Dist. LEXIS 112645, at *9 (N.D.N.Y. June 13, 2025). *Hulett* further elucidates that "allegations of continued telemarketing calls *may* be sufficient to plausibly suggest a defendant is liable, particularly where the alleged period of continued telemarketing is arguably unreasonable. *Id* at *9.

Defendant suggests that "the allegations demonstrate that [] [P]laintiff's opt-out request was honored within a reasonable time." Defendant therefore presumes the very thing in dispute — whether its compliance was reasonable. Defendant raises a number of cases where opt-out requests were flouted after a longer period between a plaintiff's opt-out requests and a defendant's subsequent message. However, the mere fact that Defendant's violations happened within a relatively short timeframe subsequent to Plaintiff's opt-out does not mean that Defendant's compliance was objectively reasonable as a matter of law.

47 C.F.R. § 64.1200(d) provides that entities complying with the TCPA "must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made" and that "[t]his period may not exceed ten (10) business

days from the receipt of such request." This provision clearly means that compliance with an opt-out request after more than ten business days is unreasonable as a matter of law; Defendant's argument that it establishes that non-compliance within 10 business days is reasonable as a matter of law is a basic logical error. Indeed, as the Report highlights, "'A plain reading of 47 C.F.R. § 64.1200(d)(3) makes clear that the regulation does not establish a period within which compliance is reasonable as a matter of law, as Defendant interprets the regulation, but instead establishes a period outside of which compliance is unreasonable as a matter of law.' *Lourie v. Papa John's Int'l, Inc.*, No. 1:23-CV-4320-MHC, 2024 WL 5497082, at *3 (N.D. Ga. June 25, 2024)" Report at p. 16. *See Nece v. Quicken Loans, Inc.*, 2017 WL 2865047, at *2 (M.D. Fla. Jan. 3, 2017) ("Whether Quicken stopped calling Nece within a 'reasonable' time is a factual dispute resolved with the benefit of evidence."); *see also Menin v. Star Markets Co., Inc.*, 2024 LEXIS 161422, at *14 (D. Mass. Sep. 9, 2024) ("What constitutes a 'reasonable time' is a question of fact because the regulation 'does not state that any shorter delay is per se reasonable.'"); *Delgado v. eMortgage Funding, LLC*, 2021 WL 4776774, at *5 (E.D. Mich. Oct. 13, 2021) (denying motion to dismiss where "plaintiff allegedly received fourteen additional calls over the four-day period immediately following her request that the calls stop" but within the period for compliance).

Defendant further argues that Plaintiff's FAC contains a "conspicuous omission" typical of plausibly pled § 64.1200(d) violations: "an allegation of a request for production of a defendant's written internal do-not-call policies." Defendant's argument is nonsensical. While true that such allegations may "bolster" TCPA claims, Defendant admits that such a request is not required of TCPA pleadings. *See* Objection at p. 8; *see also Menin*, *supra*, at *8; *Barr v. Macys.com, LLC*, 2023 U.S. Dist. LEXIS 176653, at *12 (S.D.N.Y. Sept. 29, 2023). Plaintiff has argued that he communicated to Defendant multiple times over multiple media that he did not wish to receive further calls from it, including in direct response to Defendant. In spite of Plaintiff's multiple requests, Defendant continued to contact him. Thus, Plaintiff has adduced facts indicating that "prior to the initiation of [Defendant's] call" on July 1, 2025, Defendant's policies for internal do-not-call compliance were so lacking that its employees felt empowered to harass consumers over their repeated objections. Such conduct is unreasonable and states a plausible claim for relief under 47 U.S.C. § 227(c). Defendant's objection should be overruled.[1]

## IV. **CONCLUSION**

[1] Defendant makes a further argument that Judge Hoffman Price incorrectly dismissed as perfunctory its effort to contest the FCC's ability to amend its regulations to adopt the 10-day threshold for presumptive unreasonableness, reduced from 30-days. While Defendant's spirited attempts to re-write the law are acknowledged, it is of no relevance to Plaintiff's claims whether the presumptive threshold for unreasonableness is 10 or 30 days. Nevertheless, Plaintiff agrees with the Report's conclusion that Defendant's oblique reference to its private right of action argument does not suffice as a substantive briefing on this question and is, hence, perfunctory.

Defendant's arguments in objection to Judge Hoffman Price's Report fail. Its argument that § 227(c)(5) provides no private right of action to enforce 12 C.F.R. § 64.1200(d) are made from whole cloth and contradict Congressional intent, legislative history, and the substantial body case authority. The Report's conclusion that § 64.1200(d) is enforceable through § 227(c)(5) should stand. Furthermore, Defendant's claim that the 10-day period of § 64.1200(d) provides a safe harbor where non-compliance with the TCPA is reasonable as a matter of law is baseless. The plain language of the regulation supports that a Defendant's non-compliance within fewer than ten days can be actionable, provided said non-compliance was not reasonable. The Report reached the only correct conclusion on this question and, thus, this Court should adopt Judge Hoffman Price's rulings and overrule Defendant's objection.

Dated: July 28, 2026 Respectfully submitted,

BY: /S/ RYAN L. MCBRIDE______
RYAN L. MCBRIDE, ESQ.
TRIAL COUNSEL FOR PLAINTIFF

Mohammad Kazerouni
Florida State Bar No. 1034549
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
mike@kazlg.com

Ryan L. McBride
Florida State Bar No. 1010101
**Kazerouni Law Group, APC**
2221 Camino Del Rio. S., #101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com